| | | |
|---|---|---|
| MCGEENEY, EUGENE,<br>1 Tamarac Trail<br>Middle River, Maryland 21220<br>*Plaintiff* | * <br> * <br> * <br> * | IN THE<br>CIRCUIT COURT<br>FOR<br>BALTIMORE COUNTY |
| v. | * | |
| BIMBO FOODS BAKERIES<br>DISTRIBUTION, LLC,<br>Attn: Capitol Services, Inc.<br>1675 S State Street Ste. B<br>Dover, Delaware 19901<br>*Defendant* | * <br> * | CASE NO.: |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Eugene McGeeney, Plaintiff, by his attorney, E. Jacob Wolf, hereby brings this action against Bimbo Foods Bakeries Distribution, LLC, Defendant, and for its cause states:

### PARTIES

1. Plaintiff, at all relevant times hereto, was a resident of Baltimore County, Maryland.

2. Defendant is a Delaware Limited Liability Company, with its principal office located in Pennsylvania and conducts substantial business in Baltimore County, Maryland.

### JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendant pursuant to Maryland Code, Courts and Judicial Proceedings Article, Section 6-103 *et seq.*

4. This Court has subject matter jurisdiction over this matter pursuant to Maryland Code, Courts and Judicial Proceedings Article, Section 1-501.

5. Venue is proper in this Court pursuant to Maryland Code, Courts and Judicial Proceedings Article, Sections 6-202 *et seq.*

## FACTS

6. Defendant operates a distribution chain of baked goods.

7. On or about May 28, 2007, the Plaintiff and the Defendant entered into a written agreement ("Distribution Agreement"), materially identical to the herein attached Exhibit A, for the exclusive right to distribute goods ("Distribution Rights") within a prescribed geographic area ("Sales Area"). The Distribution Agreement establishes that the Distribution Rights are a property interest owned by Plaintiff until "sold or transferred as provided [within the Distribution Agreement]." Exhibit A at Section 2.1 and 6.1. According to the Distribution Agreement, "Outlets" are "purchasers of products as specifically defined and described in Schedule B…" Ex. A at §1.2. "Chains" means "a person or business entity that operates more than one Outlet" and makes purchasing decisions for those Outlets "at a central office." Ex. A at §1.5.

8. Section 5.1 of the Distribution Agreement provides, in part, that Defendant shall "use commercially reasonable efforts" to deliver to Plaintiff sufficient quantities of goods "to supply Outlets requesting service in the Sales Area[]…and to assist and cooperate with [Plaintiff's] sales efforts…" Ex. A at §5.1.

9. Section 5.2 of the Distribution Agreement designates Defendant as Plaintiff's agent "to pursue business opportunities with Chains…" and that Defendant will "use commercially reasonable efforts" in such negotiations and "will communicate the information concerning such authorizations, prices and terms to [Plaintiff]." Ex. A at §5.2.

10. At all times, Defendant solicited and negotiated *all* leads and generated the complete list of Outlets for which Plaintiff was to service.

11. There exists a Costco Wholesale Corporation store within Plaintiff's Sales Area, located at 9919 Pulaski Highway, Baltimore, Maryland 21220, which was serviced by Defendant, without the knowledge of, or benefit to, Plaintiff.

12. Plaintiff operated his Distribution Rights at a profit and met all his obligations under the Distribution Agreement.

13. Plaintiff leased, and continues to make payments upon, a truck that was obtained for the sole purpose of servicing Outlets.

14. The Distribution Agreement requires either party to sell, on Plaintiff's account, the Distribution Rights upon "any termination of this [Distribution] Agreement." Ex. A at § 2.2.

15. Defendant terminated the Distribution Agreement on April 29, 2013 alleging Plaintiff's breach of the Distribution Agreement.

16. According to the Distribution Agreement, the Distribution Rights "may be sold or transferred *in whole or in part* by [Plaintiff]" subject to the Defendant's Right of Approval and Right of First Refusal. See Ex. A at § 6.1 (emphasis added).

17. The Right of Approval and the Right of First Refusal expire ten (10) days after Defendant receives sufficient notice, pursuant to the Distribution Agreement's requirements, of seller's intent to convey to a bona fide purchaser or transferee (an "Offeror"). See Ex. A at § 6.1.

18. If Defendant's Right of Approval and Right of First Refusal expire, Plaintiff "may consummate the transfer to the Offeror on the terms of the Offer…" Ex. A at § 6.1.

19. The parties further agreed that if the "contemplated sale or transfer is not a bona fide transfer for value, the price paid by [Defendant] shall be the market value of the

Distribution Rights at the time of receipt" of Plaintiff's notice of intent to sell or transfer to Offeror. Ex. A at § 6.1.

20. Plaintiff received a bona fide offer from Mr. Steven McGeeney on May 6, 2013 in the amount of Two Hundred Fifty Two Thousand and Six Hundred Seventy Nine Dollars ($252,679). The terms of this offer included a cash down payment, with the remaining funds financed through an unsecured promissory note issued by Mr. Steven McGeeney, for the benefit of Plaintiff, for the remaining balance.

21. On May 8, 2013, Plaintiff properly notified Defendant of his intention to transfer his Distribution Rights to Mr. Steven McGeeney.

22. Mr. Steven McGeeney and Plaintiff were ready, willing, and able to consummate the sale of the Distribution Rights.

23. On May 28, 2013 Defendant alleged Plaintiff failed to "provide[] to [Defendant] enough information about the proposed transfer."

24. On July 5, 2013 Defendant met with Mr. Steven McGeeney who allegedly informed Defendant "[d]uring this meeting....that he [Steven McGeeney] intends to borrow 60% of the down payment from [Plaintiff]." Defendant further alleges that this financial agreement "clearly vests [Plaintiff] with a financial interest in the distribution rights going forward." Therefore, "[f]or this reason, [Defendant] must deny approval of the proposed sale."

25. On July 19, 2013, Plaintiff, by his attorney, responded to Defendant's July 5, 2013 letter, finding nothing in the Distribution Agreement that bars Plaintiff from taking a personally guaranteed note from an Offeror and that Plaintiff would have no interest in the Distribution Rights after such a sale.

26. On or about October 11, 2013, Defendant attempted to broker a sale of Plaintiff's Distribution Rights to a Mr. Paul G. Ayres in the amount of One Hundred and Fifty Seven Thousand and Fifty Dollars ($157,050) with net proceeds of Fifty Eight Thousand and Eight Hundred and Twenty One ($58,821) payable to Plaintiff. <u>Exhibit B</u> [Distributors Final Closing Statement (October 11, 2013)]

27. On October 29, 2013, Defendant sent a final letter to Plaintiff summarily concluding "neither Mr. [Steven] McGeeney or Ms. Garde [an alternate Offeror] are qualified purchasers as required under [Plaintiff's] Distribution Agreement with [Defendant]." Defendant alleges Mr. Steven McGeeney "currently operates Ms. Garde's distribution business" and that his operation has "resulted in numerous material violations of Ms. Garde's Distribution Agreement with [Defendant]." On this basis, Defendant charges "Mr. [Steven] McGeeney is not a qualified purchaser of the distribution rights." Similarly, "Ms. Garde is also not a qualified purchaser due to the numerous material breaches of her Distribution Agreement." *Id.*

28. Within the same October 29, 2013 letter, Defendant reiterated its position from its July 5, 2013 letter that "[Plaintiff] cannot retain any financial or operational interest…after the sale is consummated." Defendant maintains it is "reasonable…to assume the sale of [Plaintiff's] distribution rights to either your brother [Mr. Steven McGeeney] or his live-in companion [Ms. Garde] will result in [Plaintiff] having a financial or operational interest in the distribution rights." *Id.*

29. On or about November 24, 2013, Defendant offered to purchase Plaintiff's Distribution Rights for One Hundred Seventy Two Thousand Five Hundred Dollars ($172,500) with net proceeds of Seventy Six Thousand Six Hundred and Twenty Six Dollars ($76,626)

distributable to Plaintiff. Exhibit C [Distributors Final Closing Statement (November 24, 2013)]

### Count I

### Breach of Contract – Monetary Damages

30. The Plaintiff incorporates the facts set forth in the above paragraphs.
31. The Distribution Agreement is a valid and enforceable contract, to which both Plaintiff and Defendant are parties.
32. Defendant breached the Distribution Agreement by unreasonably withholding its approval of Mr. Steven McGeeney as a bona fide Offeror.
33. In the alternative, even if Defendant was correct in its disallowance of Mr. Steven McGeeney's status as an Offeror, defendant nonetheless wrongfully disallowed the sale of Plaintiff's Distribution Rights to Mr. Steven McGeeney *after* the expiration of Defendant's ten (10) day Right of Approval and Right of First Refusal period following Plaintiff's notice of intent to sell.
34. In the alternative, even if Mr. Steven McGeeney is not a bona fide Offeror, Defendant still breached its duty to pay market value for Plaintiff's Distribution Rights.
35. As a result of Defendant's actions, Plaintiff has suffered losses including, but not limited to: (1) the loss of appreciation in the value of his business; (2) the loss of interest income from the sale to Mr. Steven McGeeney; (3) lost profit from the operation of his business; and (4) costs and attorney's fees associated with Defendant's breaches.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendant, in an amount to be determined at trial, but not less than Two Hundred Fifty Two

Thousand and Six Hundred Seventy Nine Dollars ($252,679), plus costs and expenses, including but not limited to, incidental and consequential damages, reasonable attorney's fees, statutory post-judgment interest, and for such other and further relief as this Court deems appropriate.

## Count II

### Breach of Contract – Specific Performance

36. The Plaintiff incorporates the facts set forth in the above paragraphs.
37. Plaintiff has performed all of his obligations that he is able to perform under the contract.
38. Defendant has failed or refused to perform its obligation to participate in the sale of the Distribution Rights to Mr. Steven McGeeney.
39. In the alternative, Defendant has failed, refused, or abused its contractual Right of First Refusal.
40. Plaintiff remains ready, willing, and able to complete either:
    a. The sale of the Distribution Rights to Mr. Steven McGeeney for Two Hundred Fifty Two Thousand and Six Hundred Seventy Nine Dollars ($252,679) as required by the Distribution Agreement; or
    b. In the alternative, to complete the sale of the Distribution Rights to Defendant in exchange for the fair market value of Two Hundred Fifty Two Thousand and Six Hundred Seventy Nine Dollars ($252,679).
41. Plaintiff has no other remedies available at law, and therefore asks this Court to exercise its equity powers to maintain justice.

42. As a result of Defendant's actions, Plaintiff has suffered losses including, but not limited to: (1) the loss of appreciation in the value of his business; (2) the loss of interest income from the sale to Mr. Steven McGeeney; (3) lost profit from the operation of his business; and (4) costs and attorney's fees associated with Defendant's breaches.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendant, to specifically enforce Defendant's obligation to either (1) allow Plaintiff to sell his Distribution Rights to Mr. Steven McGeeney or (2) purchase the Distribution Rights from Plaintiff for fair market value. In addition, Plaintiff requests damages for Plaintiff's costs and expenses, including but not limited to, incidental and consequential damages, reasonable attorney's fees, statutory post-judgment interest, and for such other and further relief as this Court deems appropriate.

## Count III

### Tortious Interference with an Economic Relationship

43. The Plaintiff incorporates the facts set forth in the above paragraphs.
44. Defendant intentionally and willfully acted when it blocked the sale of Distribution Rights from Plaintiff to Mr. Steven McGeeney.
45. Defendant's actions were calculated to cause damage to Plaintiff in his lawful business relationship with Mr. Steven McGeeney.
46. Defendant's actions are unjustifiable and without right and were done to maliciously cause damage and loss to Plaintiff. *See Natural Design, Inc. v. Rouse Co.*, 302 Md. 47, 71, 485 A.2d 663, 675 (1984) (discussing legal definition of malice).

47. As a result of Defendant's actions, Plaintiff has suffered losses including, but not limited to: (1) the loss of appreciation in the value of his business; (2) the loss of interest income from the sale to Mr. Steven McGeeney; (3) lost profit from the operation of his business; and (4) costs and attorney's fees associated with Defendant's breaches.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendant, in an amount to be determined at trial, but not less than Two Hundred Fifty Two Thousand and Six Hundred Seventy Nine Dollars ($252,679), plus costs and expenses, including but not limited to, incidental and consequential damages, reasonable attorney's fees, statutory post-judgment interest, and for such other and further relief as this Court deems appropriate.

### Count IV

### Conversion

48. The Plaintiff incorporates the facts set forth in the above paragraphs.

49. By terminating the Distribution Agreement and blocking Plaintiff's attempt to sell his Distribution Rights, Defendant has converted to its own use Plaintiff's Distribution Rights.

50. Plaintiff's Distribution Rights are in Defendant's sole possession and under Defendant's sole control.

51. The Distribution Rights are convertible personal property by virtue of their value and transferability.

52. Plaintiff is prevented from exercising his property rights in the Distribution Rights because of Defendant's wrongful action.

53. As a result of Defendant's actions, Plaintiff has suffered losses including, but not limited to: (1) the loss of appreciation in the value of his business; (2) the loss of interest income from the sale to Mr. Steven McGeeney; (3) lost profit from the operation of his business; and (4) costs and attorney's fees associated with Defendant's breaches.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendant, in an amount to be determined at trial, but not less than Two Hundred Fifty Two Thousand and Six Hundred Seventy Nine Dollars ($252,679) (representing the fair market value of Plaintiff's property), plus costs and expenses, including but not limited to, incidental and consequential damages, reasonable attorney's fees, statutory post-judgment interest, and for such other and further relief as this Court deems appropriate.

## Count V

### Breach of Contract – Sales Area Lost Profit

54. The Plaintiff incorporates the facts set forth in the above paragraphs.
55. The Distribution Agreement is a valid and enforceable contract, to which both Plaintiff and Defendant are parties.
56. Defendant breached its duty to assist and cooperate with Plaintiff's sales efforts when it knowingly allowed another party to distribute Defendant's goods to the Pulaski Highway Costco, which was within Plaintiff's Sales Area.
57. In the alternative, Defendant disregarded and breached its duties to (a) act in a commercially reasonable manner and to (b) act as Plaintiff's agent by failing to notify Plaintiff of the Costco store's sales, and failing to allow Plaintiff to service the store.

58. As a result of Defendant's actions, Plaintiff has suffered losses including, but not limited to: (1) the loss of appreciation in the value of his business; (2) lost profit from the operation of his business; and (3) costs and attorney's fees associated with Defendant's breaches.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendant, in an amount to be determined at trial, but not less than Seventy Five Thousand Dollars ($75,000), plus costs and expenses, including but not limited to, incidental and consequential damages, reasonable attorney's fees, statutory post-judgment interest, and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

AFFIRMED THIS 17th DAY OF APRIL 2014.

_____
EUGENE MCGEENEY

_____
E. JACOB WOLF
304 W. Pennsylvania Ave.
Suite 200
Towson, Maryland 21204
(410) 321 – 1896
jacob@wbattorneys.com

*Attorney for Plaintiff*